# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## MIDLAND DIVISION

UNITED STATES OF AMERICA,

|  |  |
|---|---|
| Plaintiff, | No. 7:17-CR-00142 |
| v. | USM Number: 20000-006 |

RODNEY LAMBIRTH

Defendant,

## RODNEY LAMBIRTH'S REPLY TO THE GOVERNMENT'S RESPONSE TO MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

On March 30, 2022, Rodney Lambirth moved this Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A), because of the extraordinary and compelling circumstances presented by his metastatic, Stage IV prostate cancer. Dkt. 65. The Government filed a Response on April 29, 2022. Dkt. 69.  In its opposition to the requested sentence reduction, the Government concedes that Mr. Lambirth has a terminal illness with a less than 18 month life expectancy and end-of-life trajectory, but then inexplicably contends that this illness does not pose extraordinary and compelling reasons to support release; the Government also argues that Mr. Lambirth is a danger to the community or is otherwise not suited to release under § 3553(a) because of a non-violent conviction already considered at sentencing and a disciplinary incident from over three years ago. *Id.* Both arguments fail. Moreover, the Government fails to address Mr. Lambirth's changed circumstances since his previous filing for compassionate release, specifically the metastasis of his prostate cancer to his bones that has rendered him nearly immobile. The Court should grant

Mr. Lambirth's compassionate release because his age, medical condition, and § 3553(a) factors favor his release.

## ARGUMENT

### A. "Extraordinary and compelling reasons" warrant Mr. Lambirth's requested sentence reduction.

Courts have embraced their broad discretion under § 3582(c)(1)(A) to grant compassionate release with guidance from the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 as to what reasons should be considered extraordinary and compelling to merit compassionate release. One such reason plainly outlined in § 1B1.13 is a "terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)," a specific example of which is "metastatic solid-tumor cancer." The Government includes the text of the commentary in their brief yet concludes – without evidence or even an argument – that Mr. Lambirth "fails to meet the requirement that 'extraordinary and compelling reasons' for compassionate release exist." Dkt. 69. Indeed, the Government's own brief undercuts this conclusion. It states "[s]adly, the only thing that has changed since Defendant filed his original sentence reduction motions is that he is now closer to death." *Id.* at 6. Not only is this assertion factually incorrect – Mr. Lambirth's medical condition has drastically changed since he filed his original motions – impeding death is precisely the type of health condition contemplated under the Sentencing Guidelines as an extraordinary and compelling reason to support release.

This Circuit has found that "metastasized Stage IV prostate cancer falls squarely within the Sentencing Guidelines' definition of terminal illness" and constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020). In *Heitman*, the Court granted compassionate release to a prisoner suffering from Stage IV prostate cancer that metastasized to his bones. *Id.* The Government did

not challenge the prisoner's motion for compassionate release or argue that his metastatic bone cancer was not an extraordinary and compelling reason to support release. *Id.; see also United States v. Gasich*, 2019 WL 4261614 (N.D. Ind. Sept. 9, 2019) (government supported a motion for compassionate release where the court found extraordinary and compelling circumstances for a prisoner with Stage IV metastatic breast cancer); *United States v. Tidwell*, 476 F. Supp. 3d 66 (E.D. Pa. 2020) (government conceded extraordinary and compelling circumstance in case where court granted compassionate release to prisoner with terminal metastatic prostate cancer with an 18-month end-of-life prognosis). Mr. Lambirth's illness clearly falls within the Sentencing Guideline's definition of terminal illness and constitutes an extraordinary and compelling reason to support release.

The Government also fails to address the changed circumstances of Mr. Lambirth's health condition. At the time of Mr. Lambirth's initial compassionate release filings in 2020, his prostate cancer was organ defined; it has since metastasized to his bones and is now a terminal illness with an end-of-life trajectory. He suffers from excruciating pain and is often rendered immobile because of his leg swelling and pain. When he is able to move, he can only do so with the assistance of a walker. The Government's response does not engage these facts or offer any evidence to the contrary. It also contradicts the assessment of all the medical doctors who have personally reviewed Mr. Lambirth's medical records, including the medical staff of the Bureau of Prisons where he currently resides and receives care.

Mr. Lambirth is not expected to live more than a year given his current metastatic Stage IV prostate cancer diagnosis. Consistent with Circuit precedent, guidelines from the Sentencing Commission, and the findings of medical professionals, including those from the Bureau of

Prisons, Mr. Lambirth's health conditions constitute "extraordinary and compelling" reasons for compassionate release.

**B.  Mr. Lambirth is not a danger to the community and 18 U.S.C. § 3553(a) factors favor a sentence reduction.**

Under § 3582(c)(1)(A)(i), when a defendant establishes the existence of extraordinary and compelling circumstances justifying compassionate release, courts must consider the relevant 18 U.S.C. § 3553(a) sentencing factors to determine whether a sentencing reduction or modification is warranted. The Government incorrectly argues these factors weigh against Mr. Lambirth's release, and that he has failed to demonstrate he is not a danger to the community.  Its argument ignores Mr. Lambirth's age, health, rehabilitative efforts, and other § 3553(a) factors, while highlighting criminal history considered already at sentencing.

The Government relies heavily on Mr. Lambirth's criminal history, including his underlying non-violent offense, to argue that he poses a danger to public safety if he is released from prison. These issues were already considered at the time of sentencing. The premise that a court should be precluded from reducing a sentence, based solely on facts available at the time of sentencing, is wholly inconsistent with the purpose of a § 3582 sentence reduction. *See United States v. Arroyo*, 468 F. Supp. 3d 785, 792 (W.D. Tex. June 23, 2020) (granting compassionate release and noting in response to the Government's reliance on consideration of inmate's past criminal history that "Defendant correctly counters that his criminal history was already reflected in his sentence."). The whole purpose of a § 3582(c) motion is for the Court to consider extraordinary intervening events and circumstances, beyond that known at the time of sentencing, that might warrant a sentence reduction.

A great deal has changed since Mr. Lambirth's sentencing. Mr. Lambirth is now 65 years old, infirm, and suffering from a terminal illness that limits his mobility and keeps him in a constant

state of pain. The Government presents no new information to support its contention that Mr. Lambirth currently poses a danger to public safety nor do they refute any of the information contained in Mr. Lambirth's motion to address § 3553(a) factors in support of his release. The Government fails to address Mr. Lambirth's rehabilitation in prison, including good programming, a history of employment, and a generally positive disciplinary record. Other courts in the Western District of Texas have found this type of rehabilitation to be persuasive when granting compassionate release. *See, e.g., United States v. Ford*, 509 F. Supp. 3d 652, 654 (W.D. Tex. Dec. 23, 2020) (granting compassionate release and noting that when considering § 3553(a) factors, inmate's criminal history was outweighed by non-violent history and "laudable" programming and rehabilitation.). The Government also does not address Mr. Lambirth's reentry plan which, it notes, was vetted and approved by the U.S. Probation Office of the Western District of Texas.

A reduction or modification of Mr. Lambirth's sentence would not diminish the seriousness of the offense, nor would it place the public in danger. Any concerns the Court might have about his dangerousness or recidivism risk should be assuaged by his age and health, but could be further mitigated by conditions of supervised release. The extraordinary and compelling circumstances presented by Mr. Lambirth's age and health warrant a reduction of his sentence to time served.

## CONCLUSION

For the reasons stated here and in his motion for sentence reduction, Mr. Lambirth asks the Court to reduce his term of imprisonment to time served and order him immediately released under the supervision of the appropriate U.S. Probation Office.

Dated:  May 6, 2022.

Respectfully submitted,

_____

Andrew Vail  (Pro Hac Vice)

5

IL Bar No. 6279951
avail@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 840-8688

Nura Maznavi (Pro Hac Vice)
IL Bar No. 6311971
fmaznavi@jenner.com
JENNER & BLOCK LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
(213) 239-6903

Angelina Smith (Pro Hac Vice)
IL Bar No. 6304668
aesmith@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 840-7240

Shane O'Neal
TX Bar No. 24098193
shane@shaneoneallaw.com
O'NEAL LAW
101 E. Avenue B
Alpine, TX 79830
(432) 538-7070

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2022, I electronically filed the foregoing Reply to the Government's Response to Mr. Lambirth's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) with the Clerk of the Court using the CM/ECF system which will send notification of filing to Assistant United States Attorney Brandi Young.

<u>s/ *Dylan Doppelt*</u>
Dylan Doppelt, Docket Assistant
Jenner & Block LLP